IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WAL-MART REAL ESTATE BUSINESS TRUST,
a Delaware statutory trust,

    Plaintiff,

v

EASTWOOD, LLC
a Michigan company,

    Defendant.
_____/

Case No.
Hon.

DAWDA, MANN, MULCAHY & SADLER, PLC
BY:    JOHN MUCHA III (P40907)
        TYLER D. TENNENT (P36708)
39533 Woodward Avenue, Suite 200
Bloomfield Hills, MI 48304-5103
(248) 642-3700
Attorneys for Plaintiff
_____/

## VERIFIED COMPLAINT

Plaintiff Wal-Mart Real Estate Business Trust, a Delaware statutory trust ("Wal-Mart") by its attorneys, Dawda, Mann, Mulcahy & Sadler PLC, states for its Verified Complaint against Defendant Eastwood LLC ("Eastwood") as follows:

### Jurisdictional Allegations

1. Plaintiff, Wal-Mart Real Estate Business Trust ("Wal-Mart") is a Delaware statutory trust with its principal place of business in Bentonville, Arkansas.

2. Defendant, Eastwood LLC ("Eastwood" or "Landlord") is a Michigan limited liability company with its principal place of business in East Lansing, Michigan.

3. The amount in controversy exceeds $75,000, exclusive of interest, costs and attorney fees.

4. Jurisdiction and venue are proper under 28 USC §1332, as this matter involves a suit between citizens of different states, and as the jurisdictional amount is satisfied.

## General Factual Allegations

5. Wal-Mart is party to a Ground Lease with Eastwood as successor-in-interest to LL&127, LLC dated January 9, 2002, as amended by Amendment to Ground Lease dated September 5, 2003 and a Second Amendment to Ground Lease dated September 30, 2003 (collectively referred to as the "Lease Documents") relating to real property located at 3225 Towne Center Drive, Lansing Township, Michigan (the "Property" or "Premises"). A copy of the Lease Documents are in the possession of Eastwood and shall be filed with the Court under seal, due to the confidential nature of them.

6. Wal-Mart operates a retail store on the Property and wishes to construct an expansion of the store.

7. Wal-Mart has the contractual right to construct the expansion, as the Ground Lease grants to Wal-Mart, at Wal-Mart's cost, the right to construct any buildings or other improvements on the Premises, provided such improvements are in accordance with all applicable building regulations.

8. Eastwood and Wal-Mart were previously involved in litigation before this Court regarding Wal-Mart's development of the existing store .

9. Eastwood and Wal-Mart entered into a Settlement Agreement with regard to that litigation as a result of a settlement process conducted under the supervision of Retired Ingham County Circuit Court Judge Peter Houk. The parties also executed an Amendment to Ground Lease, as well as a Second Amendment to Ground Lease, as a consequence of that Settlement Agreement. A copy of the Settlement Agreement, Amendment to Ground Lease and Second

Amendment to Ground Lease is in the possession of Defendant and shall be filed with the Court under seal, due to the confidential nature of them.

10. Eastwood is contractually required to cooperate with Wal-Mart in allowing Wal-Mart to construct improvements on the Premises, including executing such documents as may be necessary to allow such construction.

11. Eastwood is contractually required to give full cooperation to Wal-Mart in the development of the Premises, and may not impede, delay or interfere with such lawful development.

12. The site plan approval which Wal-Mart has obtained from Lansing Township is set to expire in March, 2014.

13. Lansing Township requires Wal-Mart to obtain a Soil and Erosion Sedimentation Control Permit ("SESC Permit") from Lansing Township prior to commencing construction.

14. Wal-Mart applied to Lansing Township on September 12, 2013 for an SESC Permit. Lansing Township denied Wal-Mart's application on grounds that Wal-Mart is not the Owner of the Property nor a designated agent of the landowner, Eastwood.

15. In order to obtain the SESC Permit, Wal-Mart requires the cooperation of Eastwood in the submission of the SESC Application, as Lansing Township requires that Wal-Mart obtain the signature of Eastwood on the SESC Application.

16. On October 9, 2013, Wal-Mart made a formal written request to the Landlord for its cooperation in submitting the SESC Application to the Township, demanding a written response within seven days. Wal-Mart requested that Landlord execute the SESC Application or designate Wal-Mart as the Landlord's agent in connection with the SESC Application process.

17. Eastwood has refused to respond to and refused to comply with this request.

18.  The refusal of Eastwood to cooperate with Wal-Mart in the signing and submission of the SESC Application has prevented Wal-Mart from obtaining the SESC Permit, delayed the development of the expansion, and threatens to cause Wal-Mart to lose its site plan approvals, and will cause Wal-Mart to suffer damages if not remedied by Eastwood.

## COUNT I - BREACH OF CONTRACT

19.  Wal-Mart re-alleges and incorporates by reference the allegations in the preceding paragraphs as if set for the herein word for word.

20.  By its refusal to cooperate with Wal-Mart in the submission of the SESC Application, by refusing to sign the SESC Application, which is necessary for Wal-Mart to obtain the SESC Permit and construct its expansion, Eastwood has committed a breach of the Settlement Agreement, the Ground Lease and the Amendment to Ground Lease.

21.  By its refusal to cooperate in the submission of the SESC Application, by refusing to sign the SESC Application, which is necessary for Wal-Mart to construct its expansion, Eastwood has impeded, delayed and interfered with Wal-Mart's lawful use, leasehold rights, quiet enjoyment, or other rights with regard to the Premises.

22.  Without an order of this Court compelling Eastwood to cooperate with Wal-Mart in the submission of the SESC Application, by signing the Application as owner of the property, Wal-Mart will be unable to proceed with the proposed expansion, Wal-Mart's site plan approval will expire, and Wal-Mart will lose its governmental approvals to construct the expansion.

23.  Eastwood's breaches of contract have caused damages to Wal-Mart, including but not limited to all damages associated with the inability of Wal-Mart to commence construction and operation of the expansion, delay damages, lost investment, incidental and consequential damages, which are in total in excess of $75,000. If allowed to continue, Eastwood's refusal to

cooperate and its breaches of contract will also result in a loss to Wal-Mart of its approvals for the construction of the expansion.

24. Michigan law provides for specific performance as a remedy for a party's interference with another's rights regarding real property.

25. In addition to money damages, Wal-Mart is also entitled to specific performance of the terms of the Ground Lease, Settlement Agreement and Amendment to Ground Lease, by which Eastwood should be compelled to cooperate with Wal-Mart, and sign the application for the SESC Permit.

**WHEREFORE**, Wal-Mart respectfully requests that this Court:

(a) enter a Judgment against Eastwood for the amount to which Wal-Mart is found to be entitled, in an amount in excess of $75,000, plus interest, costs, attorneys fees and such further relief as is permitted by law or equity;

(b) grant specific performance of the terms of the Ground Lease, Settlement Agreement and Amendment to Ground Lease, by which Eastwood should be compelled to cooperate with Wal-Mart, and sign the application for the SESC Permit;

(c) and grant such other relief as is just and proper under the circumstances.

## COUNT II - ACTION FOR DECLARATORY RELIEF

26. Wal-Mart re-alleges and incorporates by reference the allegations in the preceding paragraphs as if set for the herein word for word.

27. Under the foregoing facts, there exists an actual dispute and controversy between Wal-Mart and Eastwood as to whether Eastwood is required to cooperate with Wal-Mart in the construction of the expansion by signing the application for the SESC Permit, as Wal-Mart has requested.

28. Unnecessary litigation may be avoided if such issues are determined by this Court at this time.

29. This Court has authority to adjudicate the matters at issue and enter its judgment declaring the rights of the parties to this action pursuant to the Ground Lease, Settlement Agreement and Amendment to Ground Lease.

30. It is necessary for this Court to adjudicate the rights of the parties to guide the conduct of the parties.

**WHEREFORE**, Wal-Mart respectfully requests that this Court grant the relief requested above and further declare that Wal-Mart is entitled to obtain the cooperation of Eastwood in the signing and submission of the application for the SESC Permit.

## COUNT III - CLAIM FOR INJUNCTIVE RELIEF

31. Wal-Mart re-alleges and incorporates by reference the allegations in the preceding paragraphs as if set for the herein word for word.

32. Eastwood has wrongfully refused to cooperate with Wal-Mart in the signing and submission of an application for an SESC Permit.

33. Eastwood's refusal has and will cause irreparable harm to Wal-Mart.

34. Without the cooperation of Eastwood in obtaining the SESC Permit, Wal-Mart will be unable to proceed with the expansion which it is entitled to construct pursuant to the Ground Lease, Settlement Agreement, ECR and Amendment to Ground Lease, and will lose the site plan approvals and other permits which it has previously obtained.

35. An affirmative injunction, requiring Eastwood to cease its wrongful refusal to cooperate, and requiring it to instead sign the application for the SESC Permit, will not harm or injure Eastwood, and is in the public interest, as the expansion of the Wal-Mart store will increase jobs and commerce in the local economy.

**WHEREFORE**, Wal-Mart respectfully requests that this Court grant the relief requested above and further requests that this Court issue an injunction requiring Eastwood to cease its wrongful refusal to cooperate with Wal-Mart, and requiring Eastwood sign the application for the SESC Permit.

Respectfully submitted,

DAWDA, MANN, MULCAHY & SADLER, PLC

By: \s\John Mucha III
    John Mucha III (P40907)
    Tyler D. Tennent (P36708)
    Attorneys for Plaintiff
    39533 Woodward Avenue, Suite 200
    Bloomfield Hills, MI 48304
    (248) 642-3700

Dated: December 16, 2013

Verification

On behalf of Wal-Mart Real Estate Business Trust, I verify that the facts set forth above are true to the best of my knowledge, information and belief.

_____

By: _____

Its: _____

Signed and sworn before me on this __ day of December, 2013.

_____
Notary Public

**WHEREFORE**, Wal-Mart respectfully requests that this Court grant the relief requested above and further requests that this Court issue an injunction requiring Eastwood to cease its wrongful refusal to cooperate with Wal-Mart, and requiring Eastwood sign the application for the SESC Permit.

Respectfully submitted,

DAWDA, MANN, MULCAHY & SADLER, PLC

By: _____
John Mucha III (P40907)
Tyler D. Tennent (P36708)
Attorneys for Plaintiff
39533 Woodward Avenue, Suite 200
Bloomfield Hills, MI 48304
(248) 642-3700

Dated: December 16, 2013

Verification

On behalf of Wal-Mart Real Estate Business Trust, I verify that the facts set forth above are true to the best of my knowledge, information and belief.

By: _John E. Clarke_

Its: _Vice President of Real Estate_

Signed and sworn before me on this _16_ day of December, 2013.
_Carol Hersey-Eads_
Notary Public

[Notary Seal: CAROL HERSEY-EADS, NOTARY PUBLIC, #12379430, BENTON COUNTY ARKANSAS, MY COMM. EXPIRES NOV 8, 2020]