UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| WAL-MART REAL ESTATE BUSINESS TRUST, | ) ) | |
| Plaintiff, | ) | No. 1:13-cv-1348 |
| -v- | ) ) | HONORABLE PAUL L. MALONEY |
| EASTWOOD, LLC, and EASTWOOD HOLDINGS, LLC, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER

The parties never agreed on much. To the bitter end.

Rule 41(a)(2) is "a discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal "as the court deems proper." *Bridgeport Music v. Universal Music-MCA Music Pub.*, 481 F.3d 926, 931 (6th Cir. 2007). As a general rule, the "conditions imposed" on a Rule 41(a)(2) dismissal, "if any, should only include what is necessary to eliminate the harm done to the defendant." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 605 (5th Cir. 1976).

The parties agree that this case should be dismissed, but have somewhat differing opinions as to the conditions of dismissal.

Wal-Mart seeks a dismissal without prejudice with a condition that any future action based upon claims relating to the FDR 13-01 site plan be contingent upon paying Eastwood attorney fees and costs of this action. (ECF No. 282 at PageID.4014.)

By contrast, Eastwood seeks a dismissal, with the following conditions: (1) a dismissal without prejudice, only if the Court also reinstates and dismisses "without prejudice" all of

1

Eastwood's counterclaims, and either (a) an order directing Wal-Mart to pay Eastwood's cost and attorney fees as a condition of dismissal or (b) make the refiling of any future action concerning FDR 13-01 conditioned upon Wal-Mart paying Eastwood's attorney fees and costs[1]; or (2) a dismissal with prejudice. (ECF No. 281 at PageID.3955.)

The Court finds a dismissal "without prejudice" appropriate, with the condition that if Wal-Mart were to later re-file an action based on claims that were asserted (or could have been asserted) relating to FDR 13-01, Wal-Mart would then pay Eastwood a reasonable sum for <u>all</u> costs and attorney's fees incurred in the defense of this action.

Accordingly, the Court has adopted all of Wal-Mart's proposed conditions and all of Eastwood's conditions—except one: Eastwood's request that the Court "reinstate[] and dismiss[] 'without prejudice' all of [its] claims." (ECF No. 281 at PageID.3955.)[2]

As of August 22, 2016, Eastwood proposed a dismissal with prejudice with <u>no</u> further conditions. (ECF No. 281 at PageID.3955.) The Court already concluded that, in this case, "[t]he real prejudice to Eastwood, therefore, is the potential for Wal-Mart to bring another action with the same or similar claims." (ECF No. 283 at PageID.4025.) In its sur-reply, Eastwood admits that "from a pragmatic standpoint, the fact is that it would be almost an impossibility for Wal-Mart to [re-file its claims against Eastwood]." (ECF No. 286 at

---

[1] Of course in its sur-reply, Eastwood suddenly finds its *own* suggested option 1(b) "prejudicial." Crying foul in a sur-reply when the Court indicates it was inclined to select one of Eastwood's own options advanced in its reply probably constitutes waiver; at a minimum, it shows a lack of "plain legal prejudice."

[2] The Court has already explained that it will not "resurrect meritless claims from the dead." In fact, Rule 41(b) only contemplates that a counterclaim "remain pending for independent adjudication" if that counterclaim, in fact, exists at the time of dismissal. *See* Fed. R. Civ. P. 41(a)(2). Eastwood does not cite to a single case where a district judge resurrected meritless, dismissed counterclaims.

2

PageID.4043.) In other words, this dismissal, particularly with the added contingent fees and costs provision, is effectively one "with prejudice."

Of course, Eastwood now demands costs and attorney fees in any dismissal scenario, when it never demanded such a condition from the outset. The Court will not entertain Eastwood's ever-shifting preferences. Eastwood has waived any argument that any dismissal must be accompanied by fees and costs because Eastwood itself proposed, as an option, that the Court "make the refiling of any future action concerning FDR 13-01 conditioned upon Wal-Mart paying Eastwood's attorney fees and costs." (ECF No. 281 at PageID.3955.)

To the extent that Eastwood has shifted its (waived) demands in its sur-reply, *see supra* note 1 and accompanying text, and argues the Court must enforce a contractual fee-shifting provision in its favor, it would be misguided. In fact, at this point, *Wal-Mart* is the only party that could be characterized as "prevailing," as all of Eastwood's counterclaims were dismissed with prejudice. Eastwood was not the only side forced to bear a shield in this action. This is a major factor for the Court in declining to award fees and costs now with the dismissal, because it would be hardly fair to classify Eastwood as the only "defendant" who exerted "effort." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009). The factors for "plain legal prejudice" go both ways when both sides have filed claims in a lawsuit against one another. When two parties file claims against each other, awarding fees and costs to the party with no meritorious claims left—because the party with plausibly meritorious remaining claims seeks a voluntary dismissal—would seem peculiar.

And again, to the extent Eastwood's "plain legal prejudice" argument was not waived, *see supra* note 1 and accompanying text, "excessive delay" in this case can be equally

3

attributed to both sides. Frankly, the Court would probably deny attorney fees and costs no matter who prevailed at trial because, among other concerns, this litigation has been among the most acrimonious the Court has ever managed.

Eastwood avers that Sixth Circuit case law requires the Court to award Eastwood costs and fees. *See, e.g., Spar Gas, Inc. v. AP Propane, Inc.*, 56 F.3d 65 (6th Cir. 1995). But again, even if Eastwood has not waived its argument, *see supra* note 1 and accompanying text, one of the very cases it cites to—*Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948 (6th Cir. 2009)—does not support Eastwood's demands.

In *Bridgeport Music*, the Sixth Circuit concluded that the district court "did not abuse its discretion in finding that defendants would not suffer prejudice requiring the payment of a pro rata share of attorney fees as a condition for dismissal under Rule 41(a)(2)." *Id.* at 955. Indeed, the plain text of Fed. R. Civ. P. 41(d) suggests the outcome chosen by the Court in *Bridgeport Music* and here: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action."

The Court, given its three-year history with this case, is confident that this outcome is fair and just. The Court **GRANTS** Wal-Mart's motion to dismiss this case without prejudice—with the conditions outlined in this order. (ECF No. 273.)

    **IT IS SO ORDERED.**
    **THIS ACTION IS TERMINATED.**

Date:  September 6, 2016                    /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge